```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
```

| | | |
|---|---|---|
| SERVICE STEEL WAREHOUSE CO., L.P. and COASTAL REALTY, L.L.C., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-691 |
| ACE AMERICAN INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending are Plaintiffs Service Steel Warehouse Co., L.P. and Coastal Realty, L.L.C.'s Motion for Partial Summary Judgment (Document No. 49), Defendant Ace American Insurance Company's Motion for Summary Judgment Against Plaintiffs Service Steel Warehouse Co., L.P. and Coastal Realty L.L.C. (Document No. 52), and Defendant's Motion to Sever Plaintiffs' Extra-Contractual Claims from Their Contractual Claims (Document No. 51).  After carefully considering the motions, responses, replies, and the applicable law, the Court concludes that the motions should be denied.

### I. Motions for Summary Judgment

Plaintiffs' Motion for Partial Summary Judgment is precluded by genuine issues of material fact, including whether some of the roof damage on the large warehouse for which Plaintiffs seek

replacement cost under the Policy was caused by corrosion, rather than wind, and thereby is excluded from Policy coverage; what portion of the roof was damaged by wind; and whether and what portion of the wall damage in the small warehouse was caused by interior building activities, which is an exclusion from Policy coverage.  Moreover, Plaintiffs are not entitled to summary judgment for damages caused by loss of power because of summary judgment evidence that the loss of power during and following the storm was general to the entire insured premises and was due to an interruption of power that took place away from the insured premises.  Accordingly, Plaintiffs' Motion for Partial Summary Judgment will be denied.

Summary judgment against Plaintiffs on their property insurance claims is also inappropriate due to genuine issues of material fact, including, but not limited to: what the actual replacement cost of Plaintiffs' property is, which is a prerequisite to determination of whether a coinsurance penalty applies; whether the initial repairs made to Plaintiffs' property were not the roof replacement or full repairs contemplated by the Policy--but were only temporary or "faulty, incomplete or inadequate," necessitating further work to repair or replace the roof;[1] whether Defendant improperly adjusted Plaintiffs' claim, at

---

[1] *Cf.* Am. Mfrs. Mut. Ins. Co. v. Schaefer, 124 S.W.3d 154, 162 (Tex. 2003) (holding the insurer's obligation under similar policy language in an automobile insurance policy to be to "restore the

2

least as a result of its having possibly applied an erroneous coinsurance penalty; and whether that claim adjustment, if erroneous, resulted in an underpayment of "actual cash value" that effectively prevented Plaintiffs from fulfilling the Replacement Cost Endorsement's condition to repair or replace the damaged property within two years.[2]

Genuine issues of material fact also preclude summary judgment on Plaintiff Service Steel Warehouse Co., L.P.'s business interruption claim. The summary judgment record contains evidence of orders canceled due to Hurricane Ike and expert opinion on Service Steel's lost gross earnings during its down time based on its business experience both immediately before and after Hurricane

---

vehicle, either through repair or replacement, to the same physical and operating condition it was in before the damage occurred," and stating that the insurer might have been liable for breaching its obligations had the insured asserted "that the repairs were faulty, incomplete or inadequate"); see also Great Tex. Cnty. Mut. Ins. Co. v. Lewis, 979 S.W.2d 72, 74 (Tex. App.--Austin 1998, pet. denied) ("The words 'repair' and 'replace' mean restoration to a condition substantially the same as that existing before the damage was sustained.").

[2] See Dorsett v. Cross, 106 S.W.3d 213, 217 (Tex. App.--Houston [1st Dist.] 2003, pet. denied) ("When the obligation of a party to a contract depends upon a certain condition's being performed, and the fulfillment of the condition is prevented by the act of the other party, the condition is considered fulfilled."); see also Dickler v. CIGNA Prop. & Cas. Co., 957 F.2d 1088, 1096 (3d Cir. 1992) (the insured's failure timely to repair or replace was due to the insurer's "improper refusal to inform [the insured] of its rights under the policy" and its "refusal to adjust the loss," which denied funds the insured could have used to commence rebuilding); Zaitchick v. American Motorists Ins. Co., 554 F. Supp. 209, 215-217 (S.D.N.Y. 1982).

Ike. Moreover, Defendant, which relies on the coinsurance clause, has failed to provide evidence of Service Steel's projected gross earnings--had there been no loss--during the *12 months* immediately *after* Hurricane Ike. This proof is required by the Policy to establish the applicability and size of the coinsurance penalty, if any, to which Service Steel's claim is subject. *See* Home Ins. Co., N.Y. v. Eisenson, 181 F.2d 416, 418-19 (5th Cir. 1950) (applying Florida law, concluding that the insurers provided insufficient evidence to support applying a coinsurance provision with nearly identical language where they "offered no evidence as to the probable experience after the fire, but below and here insisted on the determination of the matter based entirely on the experience of the business before the fire").

Finally, because of the fact issues regarding whether Defendant "improperly denied or delayed payment,"[3] summary judgment is inappropriate on Plaintiffs' bad faith and delay claims. Furthermore, although Plaintiffs have slim, if any, evidence of misrepresentation and fraud under the Texas Insurance Code, in light of the numerous other fact issues to be tried, the Court concludes that "the better course would be to proceed to a full trial." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). Accordingly, Defendant's motion for summary judgment will be denied.

---

[3] Document No. 52 at 18-20.

II. <u>Motion to Sever Contractual and Non-Contractual Claims</u>

Defendant asks that the Court sever Plaintiffs' contractual and non-contractual claims for separate trials. A district court may, within its discretion, sever claims for separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." FED. R. CIV. P. 42(b); *see also* <u>Conkling v. Turner</u>, 18 F.3d 1285, 1293 (5th Cir. 1994); <u>Lexington Ins. Co. v. N. Am. Interpipe, Inc.</u>, No. H-08-3589, 2010 WL 2679971, at *1 (S.D. Tex. June 28, 2010). Although this inquiry is governed by federal procedural law, Texas court opinions provide useful guidance regarding the kinds of contractual and non-contractual insurance claims at issue here. *See* <u>Lexington</u>, 2010 WL 2679971, at *1.

Defendant asserts that it will suffer prejudice at a joint trial of the contractual and non-contractual claims because of settlement offers it has made to Plaintiffs. Although proof of insurance contract and bad faith claims are "largely interwoven," and much evidence at trial will be relevant to both claims, the Texas Supreme Court has recognized that separate trials may be required if the insurer has offered to settle the insured's entire contract claim. <u>Liberty Nat'l Fire Ins. Co. v. Akin</u>, 927 S.W.2d 627, 629-30 (Tex. 1996). Normally, when an insurer has made an offer to settle the entire contract claim, severance is required to avoid prejudice because evidence of settlement offers usually is

admissible on the non-contractual claims to rebut evidence of bad faith, but inadmissible on the contract claim. Id. at 629.

Here, Defendant points to two settlement offers: its payment of $40,696 on the undisputed portion of the claim, and an offer it asserts that it made at the Court-ordered mediation between the two parties.[4] Neither settlement offer, however, would cause such prejudice to Defendant as to justify severance. Akin distinguished between offers to settle the entire claim (which would require severance), from offers merely to pay an *undisputed portion* of the plaintiff's claim. Id. at 630. The court found that "[i]n the absence of a settlement offer on the entire contract claim, or other compelling circumstances, severance is not required." Id. With respect to the second settlement offer, mediation discussions are confidential, which therefore means that a settlement offer made therein could not be admitted into evidence on *any* of the claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.053, 154.073 (West 2005); *see also* FED. R. EVID. 501 (where state law provides the rule of decision, privileges shall be determined in accordance with state law); *cf.* Local Rule 16.4.I ("All communications made during ADR proceedings . . . are confidential, are protected from disclosure, and may not be disclosed to anyone, including the Court, by the provider or the parties."). Defendant has advanced no argument that any waiver or exception would apply to remove the

---

[4] *See* Document No. 51 at 3-4.

veil of confidentiality from its settlement offer made during mediation.

Furthermore, as in <u>Akin</u>, severance would not advance judicial economy because the evidence on the coverage claim and on Defendant's defenses to that claim is likely to be interwoven to a large extent with the non-contractual issues. *See* <u>Akin</u>, 927 S.W.2d at 629. Any prejudice that could result from a joint trial of the contractual and non-contractual claims in this particular case can be cured by appropriate instructions to the jury. *See* <u>Peace Lake Towers, Inc. v. Indian Harbor Ins. Co.</u>, No. 06-4522, 2007 WL 925845, at *3 (E.D. La. Mar. 23, 2007) (Vance, J.) (finding that bifurcating claims of coverage and bad faith was not appropriate because the evidence regarding both claims is "likely to be interwoven to a large extent" and "'any prejudice would not be substantial enough to warrant separate trials . . . .'" (quoting <u>Ferguson v. State Farm Ins. Co.</u>, No. 06-3936, 2007 WL 102127, at *1 (E.D. La. Jan. 9, 2007))).

Accordingly, Defendant's motion to sever will be denied.

### III.  <u>Order</u>

Based on the foregoing, it is

ORDERED that Plaintiffs Service Steel Warehouse Co., L.P. and Coastal Realty, L.L.C.'s Motion for Partial Summary Judgment (Document No. 49), Defendant Ace American Insurance Company's

Motion for Summary Judgment Against Plaintiffs Service Steel Warehouse Co., L.P. and Coastal Realty L.L.C. (Document No. 52), and Defendant's Motion to Sever Plaintiffs' Extra-Contractual Claims from Their Contractual Claims (Document No. 51) are all DENIED.

    The Clerk will enter this Order, providing a correct copy to all counsel of record.

    SIGNED in Houston, Texas, on this 6th day of January, 2011.

                                               _____
                                                 EWING WERLEIN, JR.
                                       UNITED STATES DISTRICT JUDGE